I respectfully dissent from the opinion and decree which has been submitted for our consideration. My opinion is that the bill of information or affidavit, as explained by the bill of particulars, did not set forth a violation of the Act 39 of 1921. The accusation, as specified in the bill of particulars, was that the defendant, as manager of the Hub Drug Company, Inc., had had in his possession in the drug store, *Page 502 
for sale for beverage purposes, intoxicating liquor, consisting of three small bottles of tincture of ginger, containing 90 per cent. of alcohol.
In the eighth section of the statute, the phrase "intoxicating liquor" is said to include alcohol, whisky, brandy, rum, gin, beer, ale, porter, wine and any spirituous, vinous, malt or fermented liquor or liquids, by whatever name called, as defined by federal legislation, and all alcoholic liquids, eithermedicated, proprietary or patented, which are fit for use as abeverage or for intoxicating beverage purposes, all as defined byfederal legislation. (The italics are mine).
It was not alleged in the bill of information or affidavit that the tincture of ginger was one of those "alcoholic liquids, either medicated, proprietary or patented, which are fit for use as a beverage or for intoxicating beverage purposes, as defined by federal legislation."
I do not know and do not believe that tincture of ginger, even though it contains 90 per cent. of alcohol, is fit for use as a beverage or for intoxicating beverage purposes; nor do I know or believe that it has ever been so defined by federal legislation. My recollection of the taste and effect of a dose of tincture of ginger is that it is not fit for use as a beverage or for intoxicating beverage purposes. And I doubt that it has ever been so characterized by federal legislation. I do not propose to search through all of the acts of the Congress of the United States to find out whether tincture of ginger, containing 90 per cent. of alcohol, has ever been "defined by federal legislation," as one of those "alcoholic liquids, either medicated, proprietary or patented, which are fit for use as a beverage or for intoxicating beverage purposes." As it is not alleged in the bill of information or affidavit that tincture of ginger is fit for use as a beverage or for intoxicating beverage purposes, that ought to end the case. I imagine that all of the *Page 503 
drug stores are full of alcoholic liquids, containing a high percentage of alcohol, that are not fit for use as a beverage or for intoxicating beverage purposes. And that is why the law is so specific in dealing with the right of the drug stores to handle such liquids.
I am not considering the question of constitutionality of the Act 39 of 1921 in so far as it attempts to delegate to the Congress of the United States the authority to say what shall be a crime in this state, or in so far as the state statute refers us to the federal legislation generally, to determine whether the possession of any specified liquor or liquid shall be a crime in this state. The attorney for appellant did not plead that the statute was unconstitutional in that respect. He relied upon the proposition that the bill of information or affidavit did not charge the commission of any crime or misdemeanor. And I agree with him. It was not charged that the alleged intoxicating liquor was alcohol, whisky, brandy, rum, gin, beer, ale, porter or wine; or that it was a "spirituous, vinous, malt or fermented liquor or liquid," as defined, or declared to be an intoxicating liquor, by federal legislation. And, finally, it was not charged that the tincture of ginger was one of those medicated or proprietary or patented liquids that are fit for use as a beverage or for intoxicating beverage purposes, as declared or defined in federal legislation.
The allegation that the tincture of ginger contained 90 per cent. of alcohol was not the same as to say that it was fit for use as a beverage or for intoxicating beverage purposes. It depends upon what was the other 10 per cent.
The Legislature has said, quite plainly, in the eighth section of this statute, that, unless a medicated, proprietary or patented liquid has been outlawed or proscribed by federal legislation as an alcoholic liquid, fit for use as a beverage or for intoxicating *Page 504 
beverage purposes, it is not a crime or misdemeanor to have such liquid in one's possession for sale for beverage purposes, especially in a drug store.